[Cite as *State v. Thompson*, 2015-Ohio-5102.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 15 CAA 09 0067 |
| ZACHARY D. THOMPSON | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common Pleas, Caes No.  08CR I 08 0407

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     December 7, 2014

APPEARANCES:

For Plaintiff-Appellee

CAROL HAMILTON O'BRIEN
COUNTY PROSECUTOR'S OFFICE
140 North Sandusky Street, 3rd Floor
Delaware, Ohio  43015

For Defendant-Appellant

ZACHARY D. THOMPSON, PRO SE
15708 McConnelsville Road
Caldwell, Ohio  43724

*Wise, J.*

**{¶1}** Defendant-Appellant Zachary Thompson appeals the August 18, 2015, Judgment Entry of the Delaware County Court of Common Pleas denying his petition for post-conviction relief.

**{¶2}** Plaintiff-Appellee is the State of Ohio.

<u>STATEMENT OF THE CASE</u>

**{¶3}** On December 1, 2009, Appellant entered a plea of guilty to two counts of aggravated vehicular homicide, in violation of R.C. §2903.06(A)(1)(a) and R.C. §2903.06(A)(2)(a).

**{¶4}** On January 27, 2010, the trial court sentenced Appellant to five (5) years in prison, the first two years being mandatory, on each of the two counts, the sentences to be served consecutively. The trial court further ordered Appellant pay costs and restitution in the sum of $11,466.29. In addition, Appellant's driver's license was suspended for life.

**{¶5}** The State appealed, assigning as error:

**{¶6}** "I. THE SENTENCE OF FIVE YEARS WITH ONLY TWO YEARS BEING MANDATORY FOR EACH COUNT OF AGGRAVATED VEHICULAR HOMICIDE IMPOSED CONSECUTIVELY BY THE TRIAL JUDGE WAS UNLAWFUL AND VOID BECAUSE R.C. 2903.06(E) REQUIRES THE ENTIRE PRISON TERM TO BE MANDATORY."

**{¶7}** Defendant-Appellant, cross-appealed, assigning as error:

**{¶8}** "THE CONSECUTIVE SENTENCES IMPOSED UPON APPELLEE WERE CONTRARY TO LAW AS THE TRIAL COURT FAILED TO MAKE THE REQUISITE FINDINGS UNDER O.R.C. §2929.14(E)."

{¶9}   This Court overruled both the State's and the Defendant's assignments of error and affirmed the trial court's decision.

{¶10}  On May 28, 2013, Appellant filed a Motion to Withdraw Guilty Pleas.

{¶11}  On June 11, 2013, the State filed a Memorandum Contra.

{¶12}  On August 15, 2013, Appellant filed a Response and a Motion: Submitting Evidence to Supplement Defendant's Motion to Withdraw Guilty Pleas.

{¶13}  By Judgment Entry filed March 14, 2014, the trial court denied Appellant's motion.

{¶14}  Appellant filed an appeal to this Court, Case No. 14 CAA 04 0021, challenging the trial court's denial of his motions to withdraw his guilty plea and raising claims of ineffective assistance of counsel. By Opinion and Entry dated January 13, 2015, this Court affirmed the trial court's denials of Appellant's motions.

{¶15}  On March 9, 2015, Appellant filed another motion to withdraw his guilty plea, pro se.

{¶16}  On March 11, 2015, Appellant filed a motion to re-open his appeal, which was denied by this Court.

{¶17}  On March 12, 2015, the trial court denied Appellant's motion to withdraw his guilty plea.

{¶18}  On June 1, 2015, Appellant filed a Notice of Appeal with the Ohio Supreme Court requesting that it accept jurisdiction to hear his appeal.

{¶19}  On July 27, 2015, Appellant filed a petition for post-conviction relief.

{¶20}  On August 18, 2015, the trial court denied Appellant's petition for post-conviction relief.

{¶21} On August 26, 2015, the Ohio Supreme Court declined to accept Appellant's appeal.

{¶22} Appellant now appeals, assigning the following error for review:

ASSIGNMENTS OF ERROR

{¶23} "I. DEFENDANT THOMPSON ENTERED HIS PLEAS AS A RESULT OF HIS BEING INDUCED INTO PLEADING GUILTY BY DEFENSE COUNSEL; THE PLEA THEREFORE WAS NOT VOLUNTARY AND KNOWINGLY ENTERED.

{¶24} "II. TRIAL COUNSEL WAS INEFFECTIVE UNDER THE SIXTH AND FOURTEENTH AMENDMENTS OF THE FEDERAL CONSTITUTION WHEN HE ADVISED THE DEFENDANT TO PLEAD GUILTY AND REPRESENTED TO DEFENDANT HE WOULD RECEIVE A 5 YEAR PRISON TERM; THE DEFENDANT WAS PREJUDICED BY SUCH REPRESENTATION WHEN THE TRIAL COURT IMPOSED A 10 YEAR SENTENCE.

{¶25} "III. THE DEFENDANT'S GUILTY PLEA WAS INVALID AND VIOLATIVE OF THE DEFENDANT'S CONSTITUTIONAL RIGHT TO DUE PROCESS OF LAW AS THE COURT FAILED TO DETERMINE THAT THE PLEA WAS MADE FREE OF ANY PROMISES OR OTHER INDUCEMENTS.

{¶26} "IV. THE TRIAL COURT ERRED IN DISMISSING THE PETITION WITHOUT HAVING AN EVIDENTIARY HEARING ON THE ISSUE OF VOLUNTARINESS OF THE GUILTY PLEA AND ON THE ISSUE OF THE FAILURE OF APPELLANT [SIC] [TRIAL] COUNSEL TO PROVIDE COMPETENT LEGAL ADVICE.

{¶27} "V. IT CONSTITUTED ERROR FOR THE COURT BELOW TO APPLY THE WRONG STANDARD OF PROOF.

**{¶28}** "VI. TRIAL COURT ERROR [SIC] WHEN IT HELD IT LACK [SIC] JURISDICTION TO ENTERTAIN A [SIC] UNTIMELY PETITION WHEN APPELLANT'S CONVICTION AND SENTENCE IS VOID."

**I., II., III.**

**{¶29}** In his first three Assignments of Error, Appellant argues that the trial court erred in denying his motions to withdraw his guilty pleas. More specifically, Appellant argues that his trial counsel was ineffective and that his guilty pleas were not made voluntarily.

**{¶30}** Upon review, this Court finds that the issues set forth in these assignments of error were raised in Appellant's prior appeal. This Court has therefore previously considered these arguments and found them to be not well-taken.

**{¶31}** Accordingly, we find that the claims in these assignments of error are barred by the doctrine of *res judicata*.

**{¶32}** Appellant's Assignments of Error I, II, and III are overruled.

**IV., V., VI.**

**{¶33}** In his Fourth, Fifth and Sixth Assignments of Error, Appellant argues that the trial court abused its discretion in denying his petition for post-conviction relief. We disagree.

**{¶34}** Appellant contends that the trial court erred by denying his motion without conducting an evidentiary hearing. We apply an abuse of discretion standard when reviewing a trial court's decision to deny a post-conviction relief petition without a hearing. *State v. Holland,* 5th Dist. Licking No. 12–CA–56, 2013–Ohio–905. An abuse of discretion connotes more than an error of law or judgment; it entails a decision that is unreasonable,

arbitrary, or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

**{¶35}** Under R.C. §2953.21, a petitioner seeking post-conviction relief is not automatically entitled to an evidentiary hearing. *State v. Calhoun,* 86 Ohio St.3d 279, 714 N.E.2d 905 (1999). The Ohio Supreme Court has held that the proper basis for dismissing a petition for post-conviction relief without holding an evidentiary hearing includes: (1) the failure of the petitioner to set forth sufficient operative facts to establish substantive grounds for relief, and (2) the operation of res judicata to bar the constitutional claims raised in the petition. *Id.; State v. Lentz,* 70 Ohio St.3d 527, 639 N.E.2d 784 (1994). In this case, the record reflects that Appellant failed to submit any supporting affidavits or other evidentiary documents containing sufficient operative facts to support any of the claims presented.

**{¶36}** Further, under the doctrine of *res judicata*, a defendant who was represented by counsel is barred from raising an issue in a petition for post-conviction relief if the defendant raised or could have raised the issue at trial or on direct appeal. *State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104 (1967); *State v. Szefcyk,* 77 Ohio St.3d 93, 1996–Ohio–337, 671 N.E.2d 233.

**{¶37}** The allegations Appellant makes in his petition could all have been raised or were raised in his direct appeal. Therefore, the trial court did not abuse its discretion in overruling Appellant's motion without a hearing.

**{¶38}** Finally, Appellant's petition for post-conviction relief should have been denied or dismissed without a hearing because it was filed well beyond the time limits set by R.C. §2953.21.

{¶39} R.C. §2953.21 requires that a petition for post-conviction relief be filed no later than three hundred sixty five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction. In this case, the transcript was filed with this Court on March 22, 2010, therefore requiring his petition to be filed no later than March 22, 2011. Appellant has made no attempt to show that any of the exceptions to R.C. §2953.23(A)(1) applies to his untimely motion.

{¶40} When a petition for post-conviction relief is filed untimely and does not meet the requirements of R.C. §2953.23(A)(1), a trial court lacks jurisdiction to entertain the merits of the petition or hold a hearing. *State v. Lynn,* 5th Dist. Muskingum No. CT2007–0046, 2008–Ohio–2149. Accordingly, the trial court did not err in failing to conduct an evidentiary hearing on the motion as it was untimely filed. *Id.*

{¶41} Appellant's Fourth, Fifth and Sixth Assignments of Error are overruled.

{¶42} For the foregoing reasons, the decision of the Court of Common Pleas of Delaware County, Ohio, is affirmed.

By: Wise, J.
Hoffman, P. J., and
Farmer, J., concur.


JWW/d 1119